## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| FLYING ROADRUNNER, INC., | : | Bankruptcy No. 11-22845-JAD |
| | : | |
| Debtor, | : | Chapter 7 |
| | : | |
| ———————————————X | | |
| CALAIARO & CORBETT, P.C. | : | Doc. No. 284 |
| | : | |
| Applicant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| No Respondent. | : | |
| | : | |
| Respondent. | : | |
| ———————————————X | | |

### MEMORANDUM OPINION

The matter before the Court is the *Chapter 11 Fee Petition in Converted Case of the Attorney for the Debtor* ("Fee Petition"). This matter is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334(b).

Pursuant to the Fee Petition, the applicant, Calaiaro & Corbett, P.C., seeks compensation from the estate for post-petition services rendered to the Debtor–even though counsel had withdrawn its application to be employed as general bankruptcy counsel to the estate while the Debtor was a debtor-in-possession and even though counsel was never employed as general bankruptcy counsel to the

00015199

various bankruptcy trustees that were appointed in this case (both while this case was a Chapter 11 and later when it was converted to a Chapter 7).

The Office of the United States Trustee has filed an objection to the Fee Petition. After several hearings were held, the record was supplemented by counsel and briefing was completed. The matter is now ripe for decision. For the reasons expressed below, the Fee Petition shall be denied.

## I. History

The Debtor, Flying Roadrunner, Inc., commenced this case on May 2, 2011 by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Contemporaneously with the commencement of this case, affiliates of the Debtor also filed petitions for relief under Chapter 11 of the United States Bankruptcy Code. Specifically, Power Contracting, Inc. commenced its case at Bankruptcy No. 11-22841-JAD, Metal Foundations, LLC commenced its case at Bankruptcy No. 11-22843-JAD, and Dressel Associates, Inc. commenced its case at Bankruptcy No. 11-22844-JAD (collectively with the Debtor's case, the "Affiliated Cases").[1] The principal of both the Debtor and the entities in the

---

[1] Other affiliated cases of MFPF, Inc., Bankruptcy No. 11-22842-JAD and Grille on 7th, Bankruptcy No. 11-22846-JAD, were also filed that date. MFPF, Inc. has been dismissed and the fee petition filed by Counsel therein has been rendered moot as a result of the dismissal. See Bankruptcy No. 11-22842-JAD, Doc. #308. The fee petition in Grille on 7th, Inc. was previously denied, see Bankruptcy No. 11-22846-JAD, Doc. #307, and no appeal or other substantive action with respect to the same has been pursued by Counsel.

00015199                                    2

Affiliated Cases, Mr. Gary Reinert, Sr., also filed a personal bankruptcy under Chapter 11 on the same date.  See Bankruptcy No. 11-22840-JAD.

One day after the commencement of these bankruptcy cases, Calaiaro & Corbett, P.C. (hereinafter "Counsel") sought to be employed as counsel for the debtors-in-possession in all Affiliated Cases as well as for Mr. Gary Reinert, Sr.

In the case *sub judice*, it was stated by Counsel in its *Motion to Employ Counsel* that the Debtor and Counsel had agreed to a retainer of $25,000.  See Doc. #7, ¶7.

It was further acknowledged in the *Motion to Employ Counsel* that "Prior to the Bankruptcy he [sic] deposited $ [sic] the filing fee and $969.00."  See id.

The *Motion to Employ Counsel* in this case, and similar motions filed in all of the other related cases, were set for hearing on June 7, 2011.  While the *Motion(s) to Employ Counsel* were pending, on May 17, 2011, a Chapter 11 Trustee was appointed in all of the cases.[2]

The Office of the United States Trustee objected to the *Motion(s) to Employ Counsel* in light of the Chapter 11 Trustee appointment.  In support of its objection, the United States Trustee argued that the *Motion(s) to Employ Counsel* should be denied because each of the debtors were no longer debtors-in-possession with the authority to employ a professional person under 11 U.S.C. §327.  Additionally, the United States Trustee contended that the *Motion(s) to*

---

[2]  Carlota M. Böhm was appointed chapter 11 Trustee in all of the Affiliated Cases as well as the bankruptcy case of Gary Reinert, Sr.

00015199                                        3

*Employ Counsel* should be denied because Counsel had not made adequate disclosure of its connections and relationships with the debtors and others as required by 11 U.S.C. §329 and Fed.R.Bankr.P. 2014 and 2016.

At the June 7, 2011 hearing, Counsel sought a continuance stating that there were ongoing discussions with the United States Trustee regarding employment in the Affiliated Cases that would limit Counsel's right to compensation to the seven day period from the filing of the bankruptcy petitions to the appointment of the Trustee.  See Audio Recording of Hearing Held in Courtroom D, June 7, 2011 (10:30AM).

Counsel also stated at the June 7, 2011 hearing that if a resolution was not worked out with the United States Trustee, Counsel would file an amended motion seeking employment as to the case of Gary Reinert, Sr. only. Id.

The Court continued the hearing on the *Motion(s) to Employ Counsel* to July 12, 2011.  In the interim, an order was entered that granted joint administration of the Affiliated Cases and Mr. Reinert's personal case. See Doc. #97.  The cases were jointly administered at the case of Gary Reinert, Sr., Bankruptcy No. 11-22840-JAD.

At the July 12, 2011 hearing on the *Motion(s) to Employ Counsel*, Counsel agreed to withdraw the *Motion(s) to Employ Counsel* in the Affiliated Cases, leaving the only remaining pending application in the personal bankruptcy case of Mr. Gary Reinert, Sr.  An Order of Court was then entered on July 13, 2011 that denied the *Motion(s) to Employ Counsel* in the Affiliated Cases.

00015199                                           4

On September 21, 2011, the Chapter 11 Trustee (Carlota M. Böhm ) sought to employ Calaiaro & Corbett, P.C. as special counsel pursuant to 11 U.S.C. §327(e) for the limited purpose of preparing the schedules and statement of affairs of each Affiliated Debtor and Mr. Reinert.  An order approving the special counsel retention was entered on October 24, 2011.  See Bankruptcy No. 11-22840-JAD, Doc. #520.

In November of 2011, Robert Shearer was appointed as successor Chapter 11 Trustee replacing Carlota M. Böhm upon her resignation as Chapter 11 Trustee.  Thereafter, on December 23, 2011, Trustee Shearer moved to convert each of the Affiliated Cases to a chapter 7.  Conversion to chapter 7 was granted on January 26, 2012 and Attorney Shearer was appointed as Chapter 7 Trustee in each of the Affiliated Cases.  In light of the conversion, the joint administration of the Affiliated Cases was terminated.

Trustee Shearer, however, did not employ Counsel (that is, Calaiaro & Corbett, P.C.) either during his tenure as Chapter 11 Trustee or as Chapter 7 Trustee.

At the time of conversion to Chapter 7, none of the petitions in any of the Affiliated Cases had yet to be completed and requests for extension of time to do so remained pending.  On March 1, 2012, this Court denied the Debtor's second request for an extension and ordered all filings to complete the petition be filed forthwith or risk sanctions.  The petitions were finally completed by the Chapter

7 Trustee, Robert Shearer - not the Debtors or their principal - on March 12, 2012

to the best of the Trustee's ability.

On or about June 5, 2012, Mr. Shearer resigned as Trustee from the cases

of Metal Foundations, LLC, Dressel Associates, Inc. and Flying Roadrunner, Inc.

Successor trustees were appointed after the resignation of Trustee Shearer.[3] None

of the successor trustees sought to employ Calaiaro & Corbett, P.C.

Approximately three years after Counsel withdrew the *Motion(s) to Employ*

*Counsel*, Fee Petitions were filed by Counsel on July 18, 2014 in each of the

Affiliated Cases.

In response to the Fee Petitions, the United States Trustee filed an extensive

objection, which is summarized more fully below.

## II. Arguments of Counsel

In the Fee Petition filed in the instant case, Counsel seeks the amount of

$3,785.00 in fees from April 28, 2011 to April 11, 2013.  The amount of expenses

for which reimbursement is sought is $380.55 from May 3, 2011 to May 3, 2013.

It is asserted by Counsel that the amount of fees during the Chapter 11 period of

this case total $2,265.00 and the amount of services rendered post conversion to

Chapter 7 total $1,520.00.

---

[3]  Trustee Shearer remained in the case of Power Contracting, Inc.
Pamela Wilson was appointed successor trustee in the case of Metal
Foundations, LLC.  Jeffrey Sikirica was appointed successor trustee in the case
of Dressel Associates, Inc. Rosemary Crawford was appointed successor trustee
in the case of Flying Roadrunner, Inc.

The Fee Petition of Counsel further states that when services were rendered for the Debtor and the Affiliated Cases, Counsel divided the time by five (the total number of affiliated cases pending at the time of filing of the Fee Petitions)– that is, each Debtor in the Affiliated Cases were invoiced one-fifth of the total fee for services rendered by Counsel.[4]

In the *Brief in Support of the Chapter 11 Fee Petition*, Counsel states that services were rendered in four separate categories: (1) before the appointment of the Chapter 11 Trustee ($1,515.00); (2) during the "transition" from debtor-in-possession to administration by the Chapter 11 Trustee ($225.00); (3) performing duties required by the Bankruptcy Code and court orders ($350.00); and (4) other time not otherwise included ($1,695.00). See Doc. #299, ¶7. The Brief also states that a retainer of $2,000.00 was received. Of that amount, Counsel states that $1,039.00 was paid for the filing fee and $961.00 remained for fees. No explanation is given as to why these numbers vary from the *Statement of Attorney* filed by Counsel pursuant to Fed.R.Bankr.P. 2016.

The United States Trustee objects to the Fee Petitions on a number of grounds. First, the United States Trustee contends that absent court approval of employment of Counsel, Counsel is not entitled to be paid from the bankruptcy estate. The United States Trustee therefore argues that, as result of the

---

[4] This division of fees is inaccurate, as counsel also served as counsel to MFPF, Inc. and Grille on the 7th, Inc. The Court is not aware of any legal authority which permits Counsel to impose fees for services rendered in these cases upon the estates of the other Affiliated Cases.

withdrawal of the *Motion(s) to Employ Counsel* and subsequent Order of Court denying them, there is no basis for allowing Counsel compensation from the bankruptcy estate.

Moreover, according to the United States Trustee reinstatement of the *Motion(s) to Employ Counsel* would not be appropriate because (a) Counsel has not sustained its burden of proof for *nunc pro tunc* approval of the *Motion(s) to Employ Counsel*, and (b) Counsel has not shown that the disinterestedness criteria for estate professionals has been met because, despite requests of the United States Trustee, Counsel never provided adequate disclosure of its relationships and connections to parties-in-interest as required by the Bankruptcy Code and applicable Bankruptcy Rules.

In its objection, the United States Trustee argues that compensation cannot be awarded for services rendered during the time Counsel was employed as special counsel by the Chapter 11 Trustee because the services were not within the scope of Counsel's special employment; that is, not pertaining to the limited task of preparing and filing schedules and statement of affairs.

Because the special counsel retention was not sought by Counsel on a *nunc pro tunc* basis, the United States Trustee argues that any services rendered prior to the date of the order approving special counsel, that is October 24, 2011, are not compensable from the bankruptcy estate. Along these same lines, the United States Trustee contends that the fee application should be denied because neither

00015199                                    8

of the two successor trustees sought to employ Counsel during the administration of the Chapter 7 case.

The United States Trustee further asserts that the Fee Petition fails to comply with the local rules of this court— specifically Local Rule 2016-1(c)(3) concerning the requirements of a fee petition.  As a final objection to the application, the United States Trustee complains that there is not sufficient information to determine whether the services that were rendered by Counsel were necessary or beneficial to the estate; or whether they were intended to benefit Gary Reinert, Sr.

### III.  Legal Standards

The guidelines for determining compensation to a professional are found in 11 U.S.C. §330 which states, in relevant part, that the Court may award:

[a] professional person employed under section 327 or 1103 –

> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

> (B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1).

Compensation is not to be awarded for services rendered that were neither reasonably likely to benefit the estate nor necessary to the estate administration. 11 U.S.C. §330(a)(4).

Applicable case law further holds that reasonableness of compensation is to be determined at the time the services were rendered.  See In re Wireless Telecomm., Inc., 449 B.R. 228, 232 (M.D. Pa. 2011).

In making its determination as to whether to award compensation, the Court is to consider the nature, extent and value of the services rendered.  See 11 U.S.C. §330(a)(3).  Among the relevant factors in such consideration are: the time spent; rates charged; necessity of the services to the administration of (or beneficial to the completion of) the case; amount of time taken to perform services in light of complexity, importance and nature of the issues confronted by counsel; skill and experience of the professional person employed; and the reasonableness of compensation sought compared to customary charges of comparably skilled practitioner(s).  See 11 U.S.C. §330(a)(3)(A)-(F).

The burden of proof is on the applicant to show that it has "earned the fees it requests, and that the fees are reasonable."  Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 261 (3d Cir. 1995).

Where counsel has been employed as special counsel for a limited purpose under section 327, employment does not equate to a right of payment from the estate. See In re Engel, 124 F.3d 567, 571 (3d Cir. 1997).  Rather, approval under section 327 only establishes that an attorney may be employed by the estate, not that the employment will necessarily result in compensation from estate funds. Id.

Employment, however, must be authorized under section 327 if compensation is to be paid from estate funds.  See 11 U.S.C. §330; Lamie v. United States Trustee, 540 U.S. 526, 124 S.Ct. 1023 (2004).  And, 11 U.S.C. §327(a) states that employment of counsel by a bankruptcy estate can only be done by way of an order of the Court as the statute states:

> [t]he trustee, *with the court's approval*, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. §327(a)(emphasis added).

## IV.  Analysis

The Court examines the Fee Petition in the context of Counsel's employment status and services rendered at the varying stages of the case.

### A.
### The Commencement of the Case to the Appointment of the Chapter 11 Trustee

As previously indicated, Counsel's employment to represent the Debtor was not approved by an order of the Court.  Accordingly, Counsel was not approved pursuant to 11 U.S.C. §327(a).

The mere filing of the *Motion(s) to Employ Counsel* is not sufficient to catapult Counsel into the category of having actually been employed because actual approval, not merely seeking it, is required.  See e.g., In re Hydrocarbon Chemicals, Inc., 411 F.2d 203, 205-206 (3d Cir. 1969)(en banc) cert. denied, 396 U.S. 823, 90 S. Ct. 66 (1969)("It is well-settled that unless counsel have been

approved by the court, though their services were of value to the court . . . , they must be denied compensation."). Consistent with this conclusion is the fact that specific statutory language of section 327 states that the estate may "*with the court's approval*" employ certain professionals.    11 U.S.C. §327(a)(emphasis added); <u>see also</u> 11 U.S.C. 327(e)(requiring court approval for employment for a special purpose.)

In the instant case, absent Court authorized appointment pursuant to section 327, Counsel is not eligible to receive compensation from estate funds for services rendered as counsel to the debtor-in-possession.  This outcome is no different than any other situation where an application of employment is denied. <u>See</u> <u>e.g.</u>, <u>In re Milwaukee Engraving Co., Inc.</u>, 219 F.3d 635 (7th Cir. 2000); <u>see also</u> <u>In re N. John Cunzolo Assocs., Inc.</u>, 423 B.R. 735 (Bankr. W.D. Pa. 2010).

The record in this case reflects that Counsel's employment to represent the debtors-in-possession never materialized not only as a result of the intervening appointment of a Chapter 11 Trustee,  but also because of the withdrawal and denial of the *Motion(s) to Employ Counsel*. Therefore, any services that were rendered to the debtors-in-possession during the period from the commencement of the cases to the appointment of the Chapter 11 Trustee must be denied because applicable law does not allow it.

This result is consistent with a leading treatise on the subject, as COLLIER ON BANKRUPTCY states:

00015199                                    12

> A professional failing to comply with the requirements of the Code or Bankruptcy Rules may forfeit the right to compensation (subject to a limited exception for *nunc pro tunc* retention.)  The services for which compensation is requested should be performed pursuant to appropriate authority under the Code and in accordance with an order of the court.  Otherwise, the person rendering such services may be considered an officious intermeddler or a gratuitous volunteer.

3 COLLIER ON BANKRUPTCY, ¶327.03[2][b](Alan N. Resnick & Henry J. Sommer eds., 16th ed.)(footnote omitted); see also In re Interwest Bus. Eqpt., Inc., 23 F.3d 311, 318 (10th Cir. 1994).

It is true that a liberal reading of the brief filed by Counsel is that Counsel is now asking that the *Motion(s) to Employ Counsel* be reinstated, that the orders denying the relief requested in the motions be vacated[5] and that the Applications be granted more than three years after the fact.

Assuming that the *Motion(s) to Employ Counsel* may be resurrected, one condition of the legal gymnastics sought by Counsel is *nunc pro tunc* approval which requires a two-part finding.  First, there must be a finding, after hearing, that the requirements of disinterestedness stated in section 327(a) have been met by Counsel; and second, that extraordinary circumstances are present that warrant retroactive approval.  See F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 105

---

[5] Counsel has not asked for relief pursuant to Fed.R.Civ.P. 59 or 60, as incorporated into Fed.R.Bankr.P. 9023 and 9024; nor has Counsel articulated any basis in which these rules of procedure offer any relief to Counsel.

00015199                                    13

(3d Cir. 1988)(citing In re Arkansas, 798 F.2d 646, 650 (3d Cir. 1986)).[6]  The

Court concludes that Counsel has not met its burden of proof as to these matters.

The record reflects that the United States Trustee requested, in a letter

dated May 10, 2011, that it be provided information concerning: the amount of

compensation that Counsel had already received and was to receive, potential

conflicts of interests due to the simultaneous representation of the Affiliated

Debtors, and the potential for avoidance actions among the Affiliated Debtors.

The record further reflects that Counsel did not provide a written response,

apparently considering the matter moot upon the withdrawal of the *Motion(s) to

Employ Counsel.*  However, the United States Trustee stated at the continued

hearing on the Fee Petitions on December 2, 2014 that the request for information

was renewed in September 2014, which again was met with no response by

Counsel.  Given this lack of disclosure and cooperation, the Court is not in a

position to conclude that Counsel is, and was, disinterested. In re Kaib, 448 B.R.

373, 378 (Bankr. W.D. Pa. 2011)(setting forth duty of counsel to make full

---

[6]  A "disinterested person" is defined in 11 U.S.C. §101(14) as one that:

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of
the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of
the estate or of any class of creditors or equity security holders, by
reason of any direct or indirect relationship to, connection with, or
interest in, the debtor, or for any other reason ; . . .

11 U.S.C. §101(14)(A)-(C).

disclosure and consequences of counsel's failure to do so).[7]  Therefore, there is no

point in reinstating the *Motion(s) to Employ Counsel* because they could not be

granted as a result of Counsel's failure to show disinterestedness.

Even if disinterestedness existed, the circumstances of the case cannot be

said to rise to the level of "extraordinary circumstances" under F/S Airlease.  The

Court reaches this conclusion because Counsel, who is well versed in these

matters, was fully aware of the risks attendant of providing services absent an

order of the Court.

In addition, while it does not occur in every case, the appointment of a

trustee in Chapter 11 and subsequent conversion to Chapter 7 is not necessarily

unique in bankruptcy.  Further, upon appointment of the Chapter 11 Trustee, the

law provides that the trustee replaces the debtor-in-possession and becomes the

fiduciary for the estate; and the debtor's law firm is no longer employed by the

"trustee" for purposes of section 327 and 1107.  Accordingly, fees of counsel to the

debtor cannot be compensable from the estate under section 330 absent an

appropriate order of the court authorizing the estate to hire counsel.  See In re

Molten Metal Technology, Inc., 289 B.R. 505, 515 (Bankr. D. Mass. 2003)(denying

---

[7]  Counsel argues that its inability to make full disclosure was hampered
by the Debtor's lack of access to books and records.  This Court previously
found that the principal of the Debtor had access to the books and records
during the time period leading up to the bankruptcy filings and for a period
thereafter.  See Bankruptcy No. 11-22840-JAD, *Memorandum Opinion* found at
Doc. #1468, at 14.  It is also worth emphasizing that Counsel represented the
principal in these cases, and the claim of lack of access is hollow.

fees where counsel had been employed as special counsel prior to appointment of chapter 11 trustee).

In addition to the lack of sufficient disclosure regarding simultaneous representation of the Affiliated Debtors, inconsistencies are found in the disclosures concerning amounts of funds received by Counsel.[8]

Pursuant to W.PA.LBR 2016-1(c)(3), an application for compensation must include amounts previously requested and approved as well as any retainers paid. In the *Motion(s) to Employ Counsel*, Counsel stated that "Donald R. Calaiaro has agreed to a retainer of $25,000.00. Prior to the Bankruptcy he [sic] deposited $[sic] the filing fee and $969.00." See e.g., Doc. #7, ¶7. However, in the *Disclosure of Compensation* required to be filed by Fed.R.Bankr.P. 2016(b), it is stated that the amount received is $0.00 and that the Debtor paid the filing fee of $1,039.00. See Doc. #187. The *Summary Cover Sheet of the Fee Petition* avers that Counsel received a retainer of $0.00 plus the filing fee. Yet, Counsel's *Brief in Support of the Chapter 11 Fee Petition* indicates yet a different amount of retainer of $2,000.00 which left an amount of $961.00 after payment of the filing fee of $1,039.00. See Doc. #299, ¶10. These numbers are all over the proverbial map.[9]

---

[8] Such inconsistencies occur in each of the Fee Petitions filed by Counsel in all of the Affiliated Debtors' cases.

[9] At the continued hearing on the *Motion(s) to Employ Counsel* held July 12, 2011, Counsel gave yet another set of numbers and stated that in the bankruptcy case of the principal of the Affiliated Cases, Gary L. Reinert, Sr., Counsel received a single check from Mr. Reinert in the amount that he

(continued...)

Which ones are correct?  The Court is not convinced that Counsel even knows the answer.

Given these circumstances, even if Counsel had made a showing that the *Motion(s) to Employ Counsel* should be reinstated and granted, the differing amounts of retainer stated in the various documents create uncertainty as to what, if any, amount has already been received.  Because the Fee Petition does not comply with W.PA.LBR 2016-1(c), and the Statement of Attorney pursuant to Fed.R.Bankr.P. 2016 appears to be inaccurate, these failures of compliance are further reasons to deny the Fee Petition.  See <u>Kaib</u>, 448 B.R. at 375, n. 1 (citing <u>In re Berg</u>, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006)).

**B.**
**Transition Period from Debtor-in-Possession to**
**Chapter 11 Trustee Administration**

Counsel seeks compensation for services rendered during what he refers to as the transition of the administration of the case from the debtor-in-possession to the Chapter 11 Trustee.

---

[9](...continued)
believed was $14,000.00; that the filing fees for all of the Affiliated Cases were paid from that amount; and that the balance remained in his escrow account without further division between the Affiliated Cases.  <u>See</u> Audio Recording of Hearing Held in Courtroom D, July 12, 2011, (10:04:46-10:05:20).  Given the various disclosures, each certified to be true, the Court is not convinced that Counsel even knows the status of retainers paid and/or received from any of the debtors in question.  At a minimum, it is acknowledged that the disclosures of Counsel pursuant to Fed.R.Bankr.P. 2016 are not accurate. Inasmuch as the United States Trustee is active in this matter, the Court trusts that the United States Trustee will follow up with Counsel regarding the true status of any funds received in this case and any affiliated case.

Reimbursement is sought for this time period in the amount of $225.00.

Counsel contends that there is an unintended gap in the administration of the

case where the debtor-in-possession has been displaced by the appointment of a

trustee. It is argued that the debtor is still required to appear in court, file reports

and attend meetings of creditors which require the assistance of counsel,

particularly when the debtor is a corporation that is not permitted to appear *pro

se*. Therefore, it is contended, reimbursement should be allowed for that

representation. Counsel did not provide the Court with any law to support this

position.[10]

In the case of <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004), the

United States Supreme Court held that section 330(a)(1), which sets forth the

standards for providing for professional compensation from the bankruptcy estate,

does not authorize a compensation award to an attorney for the debtor from funds

of the estate unless the attorney has been employed as authorized by section

---

[10] Nevertheless, the Court is aware that some courts have permitted compensation to counsel for former debtors in possession after the appointment of a chapter 11 trustee within certain circumstances. <u>See</u> <u>e.g.</u>, <u>In re Stroudsburg Dyeing & Finishing Co.</u>, 209 B.R. 648 (Bankr. M.D. Pa. 1997); <u>but</u> <u>see</u> <u>e.g.</u>, <u>In re NRG Resources, Inc.</u>, 64 B.R. 643 (W.D. La. 1986)(once trustee has been appointed, counsel for debtor in possession has no role and therefore cannot be compensated). As far as the Court is aware, however, those cases that allowed for compensation to counsel to the debtor in possession after appointment of a chapter 11 trustee were decided prior to the Supreme Court decision in <u>Lamie</u>. Because this Court is bound by <u>Lamie</u>, it has no discretion but to decline to follow those cases overruled by <u>Lamie</u>.

327.[11]    In reaching this conclusion, the United States Supreme Court acknowledged that only three types of persons are specified in the statute as being authorized to receive an award of compensation from the estate: the trustee, any examiner and any professional person authorized to be employed by the estate. In analyzing the plain language of the statute, the Supreme Court stated that debtor's attorney was "simply not included within the class of persons eligible for compensation." Id. at 534.  Accordingly, even if compensation is reasonable and for actual, necessary services as required by section 330(a)(1)(A), such services are nevertheless irrelevant unless provided by one of the three specified persons.  Id.

Although Lamie addressed the situation of conversion from Chapter 11 to Chapter 7, "the fact that its underlying rational turned on cessation of status as debtor in possession indicates that there is no reason to doubt that Lamie applies equally to chapter 11 cases in which a trustee is appointed." In re Johnson, 397 B.R. 486, 490 (Bankr. E.D. Ca. 2008).

As to Calaiaro & Corbett's employment as special counsel for the Chapter 11 Trustee, the application to be employed as special counsel was filed in the case of Gary L. Reinert, Sr., the lead case during the joint administration of the Affiliated Cases, on September 21, 2011.  The Chapter 11 Trustee did not seek to

---

[11]  In Lamie, the bankruptcy case at issue converted from a chapter 11 to a chapter 7.  The attorney for the chapter 11 debtor was not employed by the trustee after the conversion.  Former debtor's counsel filed a fee application seeking reimbursement for services rendered during the chapter 11 as well as after the conversion to chapter 7.  The fees for post-conversion services were denied and the attorney appealed.

00015199                                   19

have the employment of special counsel made on a *nunc pro tunc* basis. Accordingly, only those services rendered from the date of the order approving employment on October 24, 2011 are compensable.  This time period is further restricted by the conversion of the cases to Chapter 7 on January 27, 2012.

In addition, the services rendered by Calaiaro & Corbett as special counsel to the Trustee must be within the scope of the representation for which Counsel was employed in order to be compensable.  The order approving employment as special counsel was for "the limited purpose of acting as attorney in connection with only preparing the Schedules, Statement of Financial Affairs and related documents." Bankruptcy No. 11-22840-JAD, Doc. #520, ¶1.  Thus, as special counsel to the Chapter 11 Trustee pursuant to 11 U.S.C. §327(e), in order to be compensable, the services rendered must relate only to the preparation of schedules and statement of financial affairs.

In reviewing the time entries of services rendered, there is only one entry for the period from October 24, 2011 to November 15, 2011, when the successor Chapter 11 Trustee was appointed, which relates to reviewing information for the petition on Flying Roadrunner, Inc. That entry was made on November 14, 2011 for .90 hours for compensation of $315.00 for reviewing such information.  Even if the successor Trustee had employed Counsel, there is only one entry by Counsel from the time of the appointment of the successor trustee to conversion on December 23, 2011, and that entry was for .3 hours for compensation of $105.00 to review the motion to convert.  As can be gleaned from these time entries, only

the first entry is related to the scope of the Counsel's representation as special

counsel. Therefore, counsel would be eligible to be compensated for that discreet

service rendered in the amount of $315.00 at best.[12]

Merely relating to the scope of the representation, however, is not sufficient.

It must also be shown that the services rendered benefitted the estate. See 11

U.S.C. §§330(a)(3)(C); 330(a)(4)(A); see also e.g., In re Mushroom Transp. Co., Inc.,

486 B.R. 148 (Bankr. E.D. Pa. 2013)(citing In re Engel, 124 F.3d 567 (3d Cir.

1997)).

The failure of the Debtor and all debtors in the Affiliated Cases to file the

schedules and statement of affairs was a constant problem in this and all the

other related cases. Indeed, the only schedules and statement of affairs that were

filed in the Affiliated Cases were those filed by Trustee Shearer when he was the

Trustee in the corporate Affiliated Cases. As the corporate debtors-in-possession

never completed or filed their own schedules or statement of affairs, it does not

---

[12] While the numbers may be slightly different, similar problems exist in the Fee Petitions filed by Counsel in the other Affiliated Cases. There is no comparable time entry for reviewing information for the petition or otherwise specifically relating to schedules or statement of affairs in the Affiliated Cases. Therefore, compensation sought is outside the scope of Counsel's retention as special counsel. In addition, as it was Mr. Shearer that filed the schedules with the assistance of his own legal counsel (Mr. Owen Katz), the Court can discern no benefit of Counsel's efforts in those cases as well.

appear that even the sole service rendered by Counsel relating to schedules and statement of affairs was reasonably likely to provide any benefit to the estate.[13]

### C.
### Post Chapter 7 Conversion - Fulfilling
### Duties Required by the Code and Court

It is contended that regardless of the appointment of a Chapter 11 trustee or conversion to Chapter 7, Counsel was nevertheless required to respond to court orders and appear at hearings when orders so required.

Opportunity was provided to Counsel to submit those orders upon which Counsel was relying.  Of the orders and/or docket text items submitted in the supplement filed by Counsel, four of the six pertained to attendance at meetings of creditors.  Of course, the record reflects that numerous section 341 meetings were required to be held, in part, due to the failure of the principal of the Affiliated Cases, Gary L. Reinert, Sr. to appear or to provide sufficiently complete information to allow for conclusion of the meeting of creditors.

Further, despite this alleged responsibility of representation, there is only one time entry that pertains to attendance at a meeting of creditors.

---

[13]   The Court is troubled by the absence of meaningful time entries of Counsel relating to the preparation, or attempted, preparation of schedules.  It appears to the Court that no meaningful effort was made by Counsel to prepare the schedules, even though the Court took the extraordinary step of requiring the purchaser of estate assets to produce all computers at the Court for inspection.  One would think that given all of the complaints of Counsel about lack of access to records, Counsel would have more time entries related to this task.  But, that is not the case. This too is indicia of the fact that the complaint of lack of access was devoid of merit.

The court is not persuaded by the argument of Counsel that the requirement that Counsel attend meetings of creditors post-conversion mandates that Counsel be compensated from the estate. <u>Lamie</u>, <u>supra</u>, mandates this result.

There is no doubt that a debtor must comply with its duties as required by the Bankruptcy Code and the Bankruptcy Rules, including without limitation 11 U.S.C. §521 and Fed.R.Bankr.P. 1007 and 1019. However, Counsel is in no different position in this case had it been filed as a Chapter 7 from the outset as counsel in those cases are not compensated from estate assets as set forth in <u>Lamie</u>.

 In addition, Counsel is in no different position than any other counsel for a debtor in a converted Chapter 11 case. In the case of <u>Morse v. Ropes & Gray, LLP (In re CK Liquidation Corp.)</u>, 343 B.R. 376 (D. Mass. 2006) the Massachusetts district court, in reversing an award of compensation to an attorney for the debtor for post-conversion services rendered, followed the <u>Lamie</u> decision and recognized the position it places debtor's counsel:

> Although the Court acknowledges that its decision may place bankruptcy counsel in the difficult position of choosing between performing fiduciary obligations to clients despite the potential for nonpayment and risking professional malpractice claims, it is bound by the Supreme Court's interpretation of the Bankruptcy Code that when a bankruptcy court converts an action from Chapter 11 to a Chapter 7 proceeding and appoints a Chapter 7 Trustee,
>
> > this [action] terminate[s] [the debtor's] status as debtor-in-possession and so terminate[s] [counsel's] service under §327 as an attorney for the debtor-in-possession.

00015199                                           23

CK Liquidation Corp., 343 B.R. at 385 (quoting Lamie, 540 U.S. at 532).

The Court does recognize the "efficacy of the system" arguments made by Counsel. That is, Counsel complains that it is somehow unfair to counsel to not be compensated by the estate when counsel renders post-conversion services. Implicit in this argument is that without a source of compensation, counsel will give less than a full effort to the duties reposed in him or her under the Bankruptcy Code. While sympathetic to the plight of counsel, equity follows the law; and the U.S. Supreme Court's holding in Lamie is the law.

Similar arguments concerning the "efficacy of the system" were raised by the appellant in Lamie and rejected by the Supreme Court. In Lamie, it was argued that a strict interpretation of section 330 of the Bankruptcy Code would "entail an inexplicable, wholesale departure from . . . the guiding principle of the 'prompt and effectual administration' of federal bankruptcy law." 540 U.S. at 537.

The Supreme Court in Lamie found this concern to be vitiated by the fact that compensation still remained available to debtors' attorneys through other various permitted means. Parenthetically, some that come to mind to this Court are advance retainers and third party guaranties so long as they are adequately disclosed and reasonable as required by the Bankruptcy Code and Bankruptcy Rules.

Because this Court finds the present case to fall squarely within the holding of Lamie and its determination regarding compensation after conversion to Chapter 7, the Court has no choice but to deny the Fee Petition.

00015199                                         24

### D.
### Miscellaneous

As to any services rendered not specifically addressed by the categories above, there is no opportunity for compensation.  The services rendered are not compensable as a result of being rendered absent court approval, or beyond the scope of special counsel duties or after conversion to Chapter 7.  Moreover, the Court notes that even if any of the services rendered were eligible to be compensated by estate funds, such services would have to be reasonable, actual and necessary.  As Counsel served as counsel to Mr. Reinert personally and sought to be counsel to the corporate entities in the Affiliated Cases, the simultaneous representation raised questions as to whether the services to be provided were for the benefit of this debtor or, instead, to the benefit of Gary Reinert, Sr.  Of course, the inquiries of the United States Trustee as to this issue and others went unanswered.  No matter what, Counsel bears the burden of proving that the estate benefitted from Counsel's services, and no discernable benefit has been demonstrated based on the record presented to the Court.

### V.  CONCLUSION

The Court would note that it recognizes that an Order disallowing fees has an adverse impact upon the bottom line of any law firm.  The Court had hoped that the parties could have figured out a way to resolve their differences in a consensual fashion.  But, in light of the Supreme Court's decision in <u>Lamie</u>, the parties could not come to a consensual resolution.  With Counsel unwilling to

00015199                                 25

withdraw its Fee Petition (in both this case and in the other Affiliated Cases), the Court was left with the unenviable task of deciding this matter – a task which it did not take lightly.  The Court makes this observation, not as a criticism of counsel, but to put this Memorandum Opinion in light of the circumstances of this case and the amount in controversy.

After carefully considering the record made, pleadings on file, the procedural history of the case, the arguments of counsel and the relevant case law and statutory authority, the Court finds the objection of the United States Trustee is well founded for all of the reasons stated herein.  Accordingly, the Court finds that the services rendered by Calaiaro & Corbett, P.C. along with the associated costs are not compensable from the Debtor's estate.   Accordingly, an Order shall be entered that denies the Fee Petition of Calaiaro & Corbett, P.C.  Inasmuch as the issues raised in this Fee Petition mirror the issues raised in the Fee Petitions filed in the Affiliated Cases, similar orders shall be entered in those cases as well.


Dated: March 20, 2015                    /s/ Jeffery A. Deller
                                         JEFFERY A. DELLER
                                         Chief U.S. Bankruptcy Judge

case administrator to serve:

Donald R. Calaiaro, Esq.
Heather A. Sprague, Esq.
Rosemary C. Crawford, Esq.

FILED
3/20/15 3:21 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH

00015199                          26